**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-50418
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO ALCASAR-SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-11-ALL

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Antonio Alcasar-Sanchez (Alcasar) appeals his 48-month sentence for being found illegally in the United States following a prior deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). He claims that the district court erred in relying upon the Presentence Investigation Report's characterization of his prior Washington conviction for second degree robbery as a crime of violence for the purpose of enhancing his sentence by 16 levels pursuant to United States Sentencing Guideline section 2L1.2(b)(a)(A)(ii).

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

Because Alcasar did not raise this objection in the district court, we review only for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir. 2009), *cert. denied*, 2009 WL 1849974 (U.S. Oct. 5, 2009). Although the district court was silent as to whether the court was aware of and examined the statute of conviction, any error does not require reversal under the plain error standard because the district court had before it documents establishing that Alcasar was convicted of second degree robbery under §§ 9A.56.210 and 9A.56.190 of the Revised Code of Washington. *See United States v. Garza-Lopez*, 410 F.3d 268, 273-74 (5th Cir. 2005).

AFFIRMED.